UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD YOUNG<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>C. SISODIA AND J. KIM,<br><br>　　　　　Defendants. | 1:15-cv-00640-LJO-EPG-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR PLAINTIFF'S FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**I.　BACKGROUND**

　　Ronald Young ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on April 27, 2015. (ECF No. 1).  The Court screened Plaintiff's complaint on June 24, 2016, finding that it failed to state any claims against any of the Defendants upon which relief may be granted under section 1983, and giving Plaintiff leave to amend.  (ECF No. 13)  Plaintiff filed a First Amended Complaint ("FAC") on July 21, 2016, which is before this Court for screening.

**II.　LEGAL STANDARDS FOR SCREENING**

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**III.   ALLEGATIONS IN PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff claims that he suffers from a rash and was denied daily showers needed to care for that rash due to the prison's shower policy.

In November 2012, Plaintiff started noticing a small rash on his hands. He requested a doctor to help treat the rash. Defendant doctors Sisodia and Kim both saw Plaintiff in January 2013 and gave him tubes of Fluocinonide ointment to treat the rash. The rash spread.

Inmates at the prison housing unit where Plaintiff is located are not allowed to utilize showers unless it is their day room time or if they are returning from work assignments. Day room time is on a rotation of every other day. Sometimes day room time is cancelled if there is an emergency, shortage of staff, power outage, or other security issues. During the period in

question, there were several lockdowns and institutional emergencies that resulted in cancellation of shower privileges. As a result, it was impossible for Plaintiff to effectively treat his rash by correctly cleaning himself in a shower.

Plaintiff requested an appointment with an off-site dermatologist. On April 16, 2014, Plaintiff saw TeLe Med2U Dermotologist, P. Haines, who recommended that Plaintiff be allowed to take daily showers. Plaintiff forwarded this information to prison staff to request daily showers. He was told that the housing unit medical staff had to issue the order for daily showers. But that medical staff, defendants Sisodia and Kim, failed to give permission for daily showers. They did however continue to order Fluocinonide ointment.

Plaintiff's rash is painful and embarrassing because it causes him to need to scratch private areas in front of other inmates.

On July 2, 2014, Plaintiff submitted a CDCR-602 medical appeal form for the failure to authorize daily showers. Plaintiff was interviewed at the 3A medical department by Defendant Sisodia regarding the grievance. Defendant Sisodia became very angry and hostile towards Plaintiff for filing the appeal and further indicated that Plaintiff "had nothing come from medical staff including the dermatologist Haines recommended daily showers no matter how severe the rash had gotten."

On August 6, 2014, Plaintiff was seen by Dr. Clark at ACH-General Hospital who generated an additional CDCR-7410 medical chrono for Plaintiff to be issued waist restraints, cotton bedding, limited job assignment restrictions due to Plaintiff's limited use of his left arm and inability to climb stairs. When Plaintiff asked Dr. Clark about issuing a daily shower chrono, he said that they had to be issued by 3A facility doctors, who were Defendants Sisodia and Kim.

Defendant Kim examined Plaintiff's feet, legs and rectal areas to see where the rash had spread.

On October 22, 2014, Plaintiff resubmitted a medical appeal requesting bacterial soap with a daily shower. Doctor Sistodia saw Plaintiff again and gave Plaintiff ibupropren for the

pain, but Defendant Sisodia refused the daily shower request again. Defendant Kim also reexamined Plaintiff on several different occasions, but refused to authorize daily showers.

### IV. DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS

The Eighth Amendment of the United States Constitution entitles Plaintiff to medical care and is violated when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

The Court finds that Plaintiff has not stated a claim for deliberate indifference to his serious medical needs because Plaintiff's allegations do not show that the reason for the failure to provide medical care was to cause harm to the Plaintiff. On the contrary, according to Plaintiff's own allegations, the reason for failing to provide showers was because of concerns about the function and security of the prison. There is a prison policy for showers, which provides for showers every other day or when returning from work assignments, as described by Plaintiff. Those privileges were cancelled at times because of an emergency or shortage of staff, power outage or any other security issues. Defendant doctors continued to prescribe care to Plaintiff, including ointment and ibpropren, although not with daily showers as recommended. There is no evidence or allegations that they did so with purpose to harm

plaintiff. Rather, the allegations indicate that daily showers were not available due to prison policies and security issues.

Although Plaintiff alleges real suffering from the prison policy regarding availability of showers, Plaintiff has not stated a constitutional claim under the law, which requires that the officers deprived medical care base on deliberate indifference or purpose to harm, rather than for a prison security reason. The Court is sympathetic to Plaintiff's ailments, which sound painful and embarrassing, but does not believe that he has asserted a violation of the Constitution.

## V. RETALIATION IN VIOLATION OF THE FIRST AMENDMENT

Prisoners have a First Amendment right to file prison grievances and to pursue civil rights litigation in the courts. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2004). To state a viable First Amendment retaliation claim in the prison context, a plaintiff must allege: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Id.* at 567-68.

Plaintiff alleges that on July 30, 2014, "Defendant Dr. Sisodia became very angry and hostill [sic] towards Plaintiff for filing the appeal . . . ." Plaintiff does not allege an adverse action—only an emotional reaction by Defendant Sisodia. Moreover, Plaintiff alleges that he continued to press for care including seeing Dr. Sisodia on August 5, 2014 and "again requested a chrono from Defendant Sisodia due to continued aggravating rash," and resubmitting an appeal on October 22, 2014 requested a daily shower allowance. This activity does not indicate that Defendant Sisodia's reaction to one of Plaintiff's appeals chilled his exercise of his First Amendment rights. Plaintiff thus fails to state a claim for a constitutional violation of the First Amendment based on retaliation.

## VI. CONCLUSION AND ORDER

The Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claim upon which relief may be granted under § 1983. The Court has already screened

Plaintiff's initial complaint with substantially similar allegations and found that it failed to state a claim, and has provided Plaintiff guidance on the relevant law to assist his amendment. The Court also that the deficiencies outlined above are not capable of being cured by further amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY RECOMMENDED** that pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action be dismissed with prejudice for failure to state a claim upon which relief may be granted under § 1983, and that this dismissal be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 14, 2016**           /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE

Plaintiff's initial complaint with substantially similar allegations and found that it failed to state a claim, and has provided Plaintiff guidance on the relevant law to assist his amendment. The Court also that the deficiencies outlined above are not capable of being cured by further amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY RECOMMENDED** that pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action be dismissed with prejudice for failure to state a claim upon which relief may be granted under § 1983, and that this dismissal be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 14, 2016**           /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE