UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD YOUNG,<br><br>    Plaintiff,<br><br>v.<br><br>C. SISODIA AND J. KIM,<br><br>    Defendants. | 1:15-cv-00640-LJO-EPG (PC)<br><br><u>SCREENING ORDER</u><br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION PROCEED AGAINST DEFENDANT C. SISODIA FOR DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED IN VIOLATION OF THE EIGHTH AMENDMENT, AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED WITH PREJUDICE<br>(ECF NO. 19)<br><br>TWENTY DAY DEADLINE |

**I.    BACKGROUND**

Ronald Young ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on April 27, 2015. (ECF No. 1). The Court screened Plaintiff's complaint on June 24, 2016, finding that it failed to state any claims against any of the Defendants upon which relief may be granted under section 1983, and giving Plaintiff leave to amend. (ECF No. 13). Plaintiff filed a first amended complaint on July 21, 2016, and the Court initially issued Findings and Recommendations for dismissal for failure to state a claim without leave to amend. (ECF No. 15). Plaintiff lodged a second amended complaint on October 14, 2016. (ECF No. 17). On October 24, 2016, this Court vacated its Findings and

Recommendations and granted leave to Plaintiff to file the second amended complaint, (ECF No. 18), which is before this Court for screening.

## II. LEGAL STANDARDS FOR SCREENING

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal 556 U.S. at 678 (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

## III. ALLEGATIONS IN PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff claims that he suffers from a rash and was denied daily showers needed to care for that rash due. Plaintiff claims that he developed a skin rash following rotator cuff surgery.

Plaintiff was prescribed a medication from the surgery that caused skin irritations, legions of sores, outbreaks and rashes on his body. An off-site specialist, Dr. P. Haines Ely, prescribed daily showers in addition to medication for the rash.

Plaintiff's second amended complaint focuses on the fact that Plaintiff was issued a comprehensive accommodation chrono on July 30, 2014, which appears to require that he be given daily showers. He attached the chrono to the second amended complaint, and it appears to show that he was authorized to receive a daily shower. It is signed by C. Sisodia.

Plaintiff alleged that on July 30, 2014, the same day the chrono was issued, Defendant Sisodia stated "even though dermatology recommended daily showers to keep the rectal area clean you were denied this. Medical staff is under no obligation to provide treatment as recommended by an outside specialist." Plaintiff alleged that Defendant Sisodia failed to provide notice of the chrono at that time and during the various requests and appeals that followed. Defendant Sisodia became very angry and hostile using derogatory language for wasting their time with the appeal, which was going to be denied regardless.

Despite this chrono, Plaintiff failed to receive daily showers. Plaintiff alleges that Defendants' continued denial of shower and adequate medical care after the issuance of the above chrono is a prima facie showing of deliberate indifference, among other things.

Plaintiff also alleges that Defendant Dr. J. Kim failed to provide adequate medical care after being given notice of the specialist treatment plan, which required daily showers and medication.

Plaintiff's complaint also includes numerous conclusory legal allegations regarding a custom and practice of maintaining a code of silence and violating constitutional guarantees.

### IV.   DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS

The Eighth Amendment of the United States Constitution entitles Plaintiff to medical care and is violated when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds by Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.

2006).  Plaintiff must show (1) "a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

      This is Plaintiff's third complaint.  The Court has twice held that Plaintiff's allegations do not rise to the level of deliberate indifference to serious medical needs based on the allegations in those complaints.  Plaintiff's second amended complaint omits many of the details in the earlier complaints and relies heavily on legal conclusions.

      But the Court is troubled by the fact that Plaintiff points to a signed chrono authorizing daily showers from within the institution.  Plaintiff also alleges that the same person who signed that chrono (Defendant Sisodia) appears to have denied Plaintiff daily showers without reason.  While the allegations are sparse, liberally construed in Plaintiff's favor, the Court finds that these allegations state a claim for denial of medical care, in violation of the Eighth Amendment.  It is possible that additional facts may ultimately show that Defendant Sisodia did not act with the required deliberate indifference.  However, based on the facts now before the Court, the Court will recommend that this one claim to go forward as to Defendant Sisodia.

      The Court does not find such a claim against Defendant Kim.  The second amended complaint contains almost no facts regarding Defendant Kim.  The fact that Defendant Kim did not direct daily showers is not enough to find deliberate indifference to serious medical needs under the law.

      The Court also does not find any other constitutional violations for the reasons described in prior orders.  Indeed, this second amended complaint contains even fewer facts that could possibly support such claims, such as a claim for retaliation.

## V.    CONCLUSION AND ORDER

The Court finds that Plaintiff's second amended complaint states a cognizable claim against Defendant Sisodia for deliberate indifference to serious medical needs in violation of the Eighth Amendment.  Plaintiff has failed to state any other claims, or claims against any other defendants.   The Court is not inclined to permit additional leave to amend.  This is Plaintiff's third complaint and the Court has given ample legal guidance.

Therefore, IT IS HEREBY RECOMMENDED that this case proceed against Defendant Sisodia for deliberate indifference to serious medical needs in violation of the Eighth Amendment, and that all other claims and defendants be dismissed with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 7, 2016**              /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE