UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD YOUNG,<br><br>             Plaintiff,<br><br>    v.<br><br>C. SISODIA,<br><br>             Defendant. | 1:15-cv-00640-LJO-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH A COURT ORDER<br><br>ORDER FORWARDING SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION<br><br>(ECF NO. 24)<br><br>THIRTY DAY DEADLINE |

Ronald Young ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  The case is now proceeding on Plaintiff's Second Amended Complaint.  (ECF Nos. 19, 20, & 23).

On December 9, 2016, the Court directed Plaintiff to complete and return certain service documents within thirty days.  (ECF No. 24).  The Court also notified Plaintiff that failure to complete and return the service documents within the 30 days could result in dismissal of this action.  (Id. at p. 2).  The time period has expired and Plaintiff has not returned the service documents.  Therefore, Plaintiff will be ordered to show cause why the Court should not issue findings and recommendations that recommend dismissing this case for failure to comply with a court order.

The Court notes that if Plaintiff completes and returns the service documents within thirty days of the date of service of this order, the Court will discharge this order to show cause.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to

comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). It has been approximately sixty days since Plaintiff was ordered to complete and return the service documents. Additionally, the case has been pending since April of 2015, and the defendant has not yet been served.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Pagtalunan, 291 F.3d at 642 (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to return the service documents that is causing delay. The case is now over a year old and a half old and the defendant has not been served. The case is stalled until Plaintiff completes and returns the service documents. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's incarceration and *in forma pauperis* status, and given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall

show cause why the Court should not issue findings and recommendations that recommend dismissing this case for failure to comply with a court order;

2. Service is appropriate for the following defendant(s):

    a. **C. Sisodia;**

3. The Clerk of Court shall SEND Plaintiff one (1) USM-285 form, one (1) summons, a Notice of Submission of Documents form, an instruction sheet, and a copy of the Second Amended Complaint filed on October 24, 2016 (ECF No. 19);

4. Within **thirty (30) days** from the date of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

    a. A completed summons;

    b. A completed USM-285 form; and

    c. Two (2) copies of the endorsed Second Amended Complaint filed on October 24, 2016;

5. Plaintiff need not attempt service on the defendant and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs;

6. If Plaintiff completes and returns the service documents within thirty days of the date of service of this order, the Court will discharge this order to show cause; and

\\\
\\\
\\\
\\\
\\\
\\\

7. **Failure to respond to this order will result in the Court issuing findings and recommendations that recommend that this case be dismissed.**

IT IS SO ORDERED.

Dated:   **February 9, 2017**                   /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE