UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD YOUNG,<br><br>        Plaintiff,<br><br>   v.<br><br>C. SISODIA,<br><br>        Defendant. | Case No. 1:15-cv-00640-LJO-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION BY DISTRICT JUDGE<br>(ECF NO. 37) |

Ronald Young ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The case is now proceeding on Plaintiff's Second Amended Complaint against defendant C. Sisodia. (ECF Nos. 19, 20, & 23).

On May 22, 2017, Plaintiff filed a motion for entry of default (ECF No. 33) and a motion for default judgment (ECF No. 34). On May 31, 2017, Magistrate Judge Erica P. Grosjean issued an order denying both motions. (ECF No. 35). On June 16, 2017, Plaintiff filed what the Court construes as a motion for reconsideration by the assigned district judge ("the Motion"). (ECF No. 37).

District courts review a motion to reconsider a magistrate judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P.

1

72(a). As such, this Court may only set aside those portions of a magistrate judge's order that are either clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a).

The Motion will be denied. Plaintiff argues that Judge Grosjean did not have authority to enter the order denying the motion for entry of default or the motion for default judgment. However, Plaintiff is mistaken. Judge Grosjean does have authority to deny Plaintiff's motion for default judgment and to refuse to order the clerk to enter default. Fed. R. Civ. P. 55; Local Rule 302(c)(19).

Plaintiff also argues that Judge Grosjean's order contained plain error, because defendant Sisodia did in fact default. However, once again, Plaintiff is incorrect. As Judge Grosjean pointed out, "[t]he United States Marshal Service filed the executed waiver of service on May 4, 2017. (ECF No. 31). According to the wavier, defendant Sisodia had 60 days from after March 29, 2017, in which to serve his answer. (Id.). Defendant Sisodia filed and served his answer on May 23, 2017, which is within this time period. (ECF No. 32). Therefore, defendant Sisodia did not default and Plaintiff is not entitled to an entry of default or a default judgment." (ECF No. 25).

In arguing that defendant Sisodia only had twenty days after he was served to file his answer, Plaintiff ignores Federal Rule of Civil Procedure 4(d)(3), which states: "A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent--or until 90 days after it was sent to the defendant outside any judicial district of the United States." In this case, defendant Sisodia executed a waiver of service. (ECF No. 31). Defendant Sisodia had 60 days from after March 29, 2017,[1] in which to file his answer (ECF No. 31), and he filed his answer within this period (ECF No. 32). Therefore defendant Sisodia did not default and Plaintiff is not entitled to an entry of default or default judgment.

---

[1] While it is not entirely clear when the waiver of service was sent to defendant Sisodia, it appears that it was sent on March 29, 2017. (ECF No. 31, p. 1). Moreover, even if defendant Sisodia filed his answer a few weeks late, the Court would not grant Plaintiff a default judgment. Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985) ("[D]efault judgments are generally disfavored. Whenever it is reasonably possible, cases should be decided upon their merits.").

Accordingly, IT IS ORDERED that Plaintiff's motion for reconsideration by the assigned district judge is DENIED.

IT IS SO ORDERED.

Dated: **June 19, 2017**     **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE