| | |
|---|---|
| RONALD YOUNG, <br><br> Plaintiff, <br><br> v. <br><br> C. SISODIA, <br><br> Defendants. | Case No. 1:15-cv-00640-LJO-EPG (PC) <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL AND MOTION TO STAY PROCEEDINGS, AND GRANTING PLAINTIFF'S REQUEST FOR COMPLETE COURT DOCKET SHEET <br><br> (ECF NOS. 53, 54, & 57) |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Ronald Young ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. On September 25, 2017, Plaintiff filed a motion for appointment of pro bono counsel (ECF No. 53), a motion to stay the proceedings (ECF No.54), and a request for a complete docket sheet (ECF No. 57, p. 2).

The Court will deny Plaintiff's motion for appointment of pro bono counsel and motion to stay the proceedings, but will grant Plaintiff's request for a complete docket sheet.

Among other reasons, Plaintiff asks for appointment of counsel because he has limited knowledge of the law, because he has been denied law library access, because he has been denied copies, because he has been denied PLU status, because he is currently relying on another inmate to prosecute this case but has only been granted access to that inmate twice in the last eight

1

months, because Plaintiff is incarcerated, and because this case will likely involve conflicting testimony.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court cannot make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, Plaintiff does not appear to be prosecuting this case. Plaintiff failed to provide Defendant with his initial disclosures, failed to file a scheduling conference statement, and at the initial scheduling conference told the Court that he was not prepared to go forward with this case. (See ECF No. 51). Moreover, the Court explained on the record exactly what was required from Plaintiff at the last hearing and answered any questions from Plaintiff.

Plaintiff is advised that he is not precluded from renewing the motion for appointment of pro bono counsel at a later stage of the proceedings.

As to Plaintiff's motion to stay the proceedings, Plaintiff asks that the proceedings be stayed until after appellate review of the Court's order dated May 24, 2017. (ECF No. 54). The Court has already denied this request once. (ECF No. 43). Moreover, Plaintiff's appeal has already been dismissed. (ECF Nos. 44 & 49). Therefore, there is no reason to stay the proceedings.

Plaintiff also appears to be asking that the case be stayed pending resolution of his motion for recusal of Chief Judge Lawrence J. O'Neill. However, Plaintiff has provided no reason why the case

should be stayed pending the motion for recusal. Accordingly, the Court will not stay the proceedings.

Finally, Plaintiff asks for a complete copy of the docket sheet because he sent a writ of mandate to the United States District Court on August 8, 2017, but has not heard anything regarding this matter. (ECF No. 57, p. 2). Because the Court is unaware of what Plaintiff is referring to, the Court will grant Plaintiff's request for a docket sheet so that Plaintiff can confirm whether or not the Court received Plaintiff's filing.

For the foregoing reasons, IT IS ORDERED that:

1. Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice;
2. Plaintiff's motion to stay the proceedings is DENIED; and
3. Plaintiff's request for a complete copy of the docket sheet is GRANTED. The Clerk of Court is directed to send Plaintiff a complete copy of the docket sheet for this case.

IT IS SO ORDERED.

Dated: **September 27, 2017**         /s/ Erin P. Gross
                                        UNITED STATES MAGISTRATE JUDGE