UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD YOUNG,<br><br>    Plaintiff,<br><br>v.<br><br>C. SISODIA,<br><br>    Defendant. | Case No. 1:15-cv-00640-LJO-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL OF CHIEF JUDGE O'NEILL AND MOTIONS FOR RECONSIDERATION<br><br>(ECF NOS. 55 & 56) |

Ronald Young ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. The case is now proceeding on Plaintiff's Second Amended Complaint against defendant C. Sisodia. (ECF Nos. 19, 20, & 23).

On May 22, 2017, Plaintiff filed a motion for entry of default (ECF No. 33) and a motion for default judgment (ECF No. 34). On May 24, 2017, Magistrate Judge Erica P. Grosjean issued an order denying both motions. (ECF No. 35). On June 16, 2017, Plaintiff filed what the Court construed as a motion for reconsideration by the assigned district judge. (ECF No. 37). The motion for reconsideration was denied. (ECF No. 38).

On September 25, 2017, Plaintiff filed a motion for recusal of Chief Judge O'Neill, as well as what the Court construes as motion(s) for reconsideration of the Court's order denying

1

Plaintiff's motion for reconsideration by the assigned district judge. (ECF Nos. 55 & 56).

Plaintiff's motions will be denied.

## I. PLAINTIFF'S MOTION FOR RECUSAL

Plaintiff asks that the undersigned be recused "for unreasonable bias and prejudicial misconduct and abuse of authority, by ruling against the 3/2/17 order directing service… Then denying motion for entry of default…." (ECF No. 55, p. 4).

A judge is required to disqualify himself if his impartiality might reasonably be questioned. 28 U.S.C. § 455(a). A judge shall also disqualify himself if he has "personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). The decision regarding disqualification is made by the judge whose impartiality is at issue. Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir. 1994). The Supreme Court has recognized that:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (*i.e.,* apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required… when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.

Liteky v. United States, 510 U.S. 540, 555 (1994) (citation omitted). "The test is 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Wilkerson, 208 F.3d 794, 797 (9th Cir. 2000) (quoting United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997)). "Frivolous and improperly based suggestions that a judge recuse should be firmly declined." Maier v. Orr, 758 F.2d 1578, 1583 (9th Cir. 1985) (citations omitted).

Here, Plaintiff is asking that the undersigned recuse himself because Plaintiff does not like the undersigned's ruling, and believes that the ruling shows that the undersigned is biased. As described above, this is almost never grounds for recusal, and the undersigned sees no reason to deviate from the general rule here. The undersigned has reviewed the record, and there is no evidence of any impropriety.

Accordingly, Plaintiff's motion for recusal will be denied.

## II. PLAINTIFF'S MOTION(S) FOR RECONSIDERATION

Federal Rule of Civil Procedure 60(b) governs grounds for relief from an order:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Notably, "[a] motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

As to Rule 60(b)(6), Plaintiff "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). Additionally, Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." (Id.) (internal quotations marks and citation omitted).

Plaintiff's motion(s) for reconsideration will be denied. Plaintiff has failed to show that he meets any of the above-mentioned reasons for granting relief from the order denying his motion for reconsideration by the assigned district judge. Plaintiff alleges no new facts or evidence, and the Court's prior ruling is legally correct.

## III. ORDER

Accordingly, based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's motion for recusal of Chief Judge O'Neill is DENIED; and

///

///

2. Plaintiff's motion(s) for reconsideration of the Court's order denying Plaintiff's motion for reconsideration by the assigned district judge is DENIED.

IT IS SO ORDERED.

Dated: **September 28, 2017**     /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE