UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD YOUNG,<br><br>   Plaintiff,<br><br> v.<br><br>C. SISODIA,<br><br>   Defendant. | Case No. 1:15-cv-00640-LJO-EPG (PC)<br><br>REQUEST FOR THE WARDEN OF SALINAS VALLEY STATE PRISON TO PROVIDE INFORMATION REGARDING ASSISTANCE AVAILABLE TO PLAINTIFF<br><br>ORDER DIRECTING CLERK TO SEND A COPY OF THIS ORDER TO SENIOR ASSISTANT ATTORNEY GENERAL MONICA ANDERSON, THE WARDEN OF SALINAS VALLEY STATE PRISON, AND THE LITIGATION COORDINATOR AT SALINAS VALLEY STATE PRISON |

  Ronald Young ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

  On April 19, 2018, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 74). Plaintiff alleges that he has a learning disability, and that he is unable to communicate effectively with the Court due to the disability. As evidence, Plaintiff attached an informational chrono signed by S. Deaciuc, M.D., and Y. Servin, Ph.D. According to the chrono, "it is estimated that Mr. Young will not be able to complete a GED program." (Id. at 2). Plaintiff has alleged that he needs counsel because he has a learning disability that makes it impossible for him to communicate with the Court.

Plaintiff has filed other motions for appointment of counsel in the past. These motions claim that Plaintiff has been denied law library access and the assistance of another inmate. (ECF No. 53).

Plaintiff has also indicated that he previously had the help of a fellow inmate, but it appears that he no longer has the assistance of that inmate.

Before the Court rules on Plaintiff's request for counsel, the Court seeks information regarding Plaintiff's access to inmate assistance at his current prison. See, e.g., Bounds v. Smith, 430 U.S. 817, 823–24 (U.S. 1977) ("In *Johnson* and *Wolff v. McDonnell*, [] the issue was whether the access rights of ignorant and illiterate inmates were violated without adequate justification. Since these inmates were unable to present their own claims in writing to the courts, we held that their 'constitutional right to help,' *Johnson v. Avery*, [] at 502, 89 S.Ct. at 757 (White, J., dissenting), required at least allowing assistance from their literate fellows."). Given his ability to fully explain his claims with the benefit of inmate assistance in the past, it is possible that access to inmate assistance would satisfy his needs in this case going forward if available.

Accordingly, based on the foregoing, the Court requests that, within twenty-one (21) days from the date of service of this order, the Warden of Salinas Valley State Prison file a response explaining what assistance, if any, is available to Plaintiff to help litigate his case including any inmate assistance.

Additionally, IT IS ORDERED that the Clerk of Court is directed to serve a copy of this order on Supervising Deputy Attorney General Monica Anderson, the Warden of Salinas Valley State Prison, and the Litigation Coordinator at Salinas Valley State Prison.

IT IS SO ORDERED.

Dated: **April 24, 2018**         /s/ Erica P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE