UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD YOUNG,<br><br>    Plaintiff,<br><br>v.<br><br>C. SISODIA,<br><br>    Defendant. | Case No. 1:15-cv-00640-LJO-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF PRO BONO COUNSEL<br><br>(ECF NOS. 74 & 76) |

Ronald Young ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On April 19, 2018, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 74). Plaintiff alleges that he has a learning disability, and that he is unable to communicate effectively with the Court due to the disability. As evidence, Plaintiff attached an informational chrono signed by S. Deaciuc, M.D., and Y. Servin, Ph.D. According to the chrono, "it is estimated that Mr. Young will not be able to complete a GED program." (Id. at 2).

Given these allegations, the Court requested a response from the Warden of Salinas Valley State Prison, detailing the assistance that is available to Plaintiff to help him litigate this case, including any inmate assistance. (ECF No. 75).

On May 14, 2018, the Warden responded, in the form of a declaration from P. Sullivan, the Associate Warden and Americans with Disabilities Act Coordinator. (ECF No. 77). According to P. Sullivan, there are no records that show that Plaintiff has a verified learning disability, Plaintiff has not requested verification or an accommodation for a learning disability,

and Plaintiff has a Test of Adult Basic Education score of 6.9 (which indicates that Plaintiff has about a 6th grade education level). (Id. at ¶ 7).

Plaintiff is a member of the Development Disability Program ("DDP"). (Id.). Plaintiff is a member of DD1, which is the highest functioning group of DDP members. (Id. at ¶ 8). All California Department of Corrections and Rehabilitations ("CDCR") staff members are required to assist DDP inmates with their adaptive support needs, such as reading and writing. (Id. at ¶ 9). Plaintiff's CDCR Form 128C-2 directs CDCR staff to ask Plaintiff once a week if he needs help with reading and writing CDCR paperwork, and to document Plaintiff's responses. (Id.). The records show that CDCR staff have helped Plaintiff with reading and writing on multiple occasions, and have helped or offered to help Plaintiff with accessing the law library (although CDCR staff are prohibited from assisting inmates with preparing legal documents or providing legal advice). (Id. at ¶¶ 10-11).

Additionally, law library staff are trained to communicate with, and assist, DDP members. (Id. at ¶ 12). "Designated library staff can assist Plaintiff with interpreting and scribing forms; identifying research materials; providing general assistance in reading and interpreting materials; and submitting documents to the appropriate court. The law library is also staffed with inmate library clerks who can assist Plaintiff with reading and writing." (Id.).

On April 30, 2018, Plaintiff filed another motion for appointment of bro bono counsel. (ECF No. 76). In the motion, which was written with the assistance of Librarian C. Mckinley, Plaintiff alleges that he has a learning disability, and as an accommodation under the Americans with Disabilities Act, Plaintiff requests counsel. (Id.).

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citation omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court cannot make a determination that Plaintiff is likely to succeed on the merits of his claim.

Moreover, while it may be difficult for Plaintiff, it appears that Plaintiff is able to adequately articulate his claim. Plaintiff has a 6th grade education level, and does not have a verified learning disability. While Plaintiff is a member of DDP, he is a member of the highest functioning group. Additionally, it appears that CDCR staff have helped (and will continue to help) Plaintiff with reading, writing, and accessing the law library. Plaintiff also has access to inmate clerks at the law library that can help him with reading and writing.

In addition, the Court has held two conferences in this case. (ECF Nos. 52 & 64). During these conferences, the Court explained the discovery process, and the process of opposing a motion for summary judgment.[1] The Court also allowed Plaintiff to ask questions and provided answers to those questions. Plaintiff can understand English and appeared to understand the Court during these conferences.

Given Plaintiff's education level, the assistance Plaintiff has available, the explanations given by the Court, and that the Court cannot make a determination that Plaintiff is likely to succeed on the merits of his claim, Plaintiff's motions for appointment of pro bono counsel will be denied.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

///

---

[1] The Court notes that Plaintiff already has some documents that appear to be relevant, which he attached to his Second Amended Complaint. (ECF No. 19, pgs. 9-23).

For the foregoing reasons, IT IS ORDERED that Plaintiff's motions for appointment of pro bono counsel are DENIED without prejudice.

IT IS SO ORDERED.

Dated: __**May 15, 2018**__  /s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE