UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD YOUNG,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>C. SISODIA,<br><br>　　　　Defendant. | Case No. 1:15-cv-00640-LJO-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDERS AND FAILURE TO PROSECUTE<br><br>(ECF NOS. 36 & 73)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

　　　　Ronald Young ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is proceeding "on Plaintiff's Second Amended Complaint, filed on October 24, 2016, against defendant Sisodia for deliberate indifference to serious medical needs in violation of the Eighth Amendment." (ECF No. 23, p. 3). Plaintiff's claim is based on the allegation that he was denied daily showers that were medically necessary, even though he had a signed chrono authorizing daily showers.

　　　　Throughout these proceedings, Plaintiff has refused to comply with court orders, and refused to prosecute this case.

　　　　On May 31, 2017, the Court issued an order that set a scheduling conference and required the parties to file scheduling conference statements and exchange initial disclosures. (ECF No. 36). The Court held the scheduling conference on September 20, 2017. (ECF No.

1

52). "At the conference, the Court confirmed that, despite being ordered to do so by the Court (see ECF No. 36), Plaintiff did not provide Defendant with his initial disclosures or file a scheduling conference statement. Plaintiff was served with the order and indeed attached the order in his motion for a preliminary injunction (ECF No. 46, p. 9-12)." (ECF No. 51, p. 1). Additionally, "[t]he Court also asked Plaintiff if he was prepared to go forward with his case. Plaintiff stated that he was not prepared to go forward." (Id.). Accordingly, the Court continued the scheduling conference.

On April 9, 2018, the Court held a discovery and status conference. (ECF No. 72). At the conference, Plaintiff stated that he had not received certain discovery requests from Defendant. Accordingly, the Court ordered Defendant to re-serve the discovery requests on Plaintiff, and extended the non-expert discovery cutoff. (ECF No. 73). Given Plaintiff's prior behavior, the Court warned Plaintiff that if he failed "to respond to the discovery requests, [his] case may be dismissed for failure to comply with court orders and failure to prosecute." (Id. at 1).

On June 14, 2018, Defendant filed a motion to compel. (ECF No. 79). In the motion, Defendant provided evidence that Plaintiff was re-served with the discovery requests, but still failed to respond. (ECF No. 79-1, p. 2, ¶¶ 4-8). Defendant also provided evidence that Plaintiff had in fact received the discovery requests when they were first sent. (ECF No. 79-2, pgs. 2-4). Plaintiff did not respond to Defendant's motion to compel.

Plaintiff has repeatedly failed to prosecute his case and to comply with Court orders. Moreover, Plaintiff was explicitly warned that if he failed to respond to Defendant's discovery requests his case could be dismissed. Despite the warning, Plaintiff still failed to respond. Accordingly, the Court will recommend that this case be dismissed because of Plaintiff's failure to comply with court orders and failure to prosecute.

The Court notes that, while Plaintiff did not respond to the discovery requests or to the motion to compel, he did file three motions for appointment of pro bono counsel. However, those requests were denied. (ECF Nos. 78 & 82). Additionally, the Court does not believe that Plaintiff needed counsel to respond to Defendant's discovery requests. At the discovery and

status conference the Court explained the types of discovery Defendant was seeking, and informed Plaintiff about the procedures for responding to the requests. At one point after the Court's explanation of the procedure for responding to document requests, Plaintiff stated "that sound [sic] like I can do that. That sounds pretty simple." The Court also allowed Plaintiff to ask questions, and told Plaintiff that he needed to respond to Defendant's discovery requests. Despite all of this, and the order the Court issued directing Plaintiff to respond and warning him his case could be dismissed if he did not (ECF No. 73), Plaintiff still failed to respond.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." Pagtalunan, 291 at 639. Here, Plaintiff's continued non-compliance is consuming the Court's limited time. As described above, the Court had to continue the initial scheduling conference because of Plaintiff's complete lack of compliance with the Court's order setting the conference. Additionally, despite the Court ordering Plaintiff to respond to Defendant's discovery requests and explaining to Plaintiff the procedures for responding, Plaintiff still failed to respond, which led to Defendant having to file a motion to compel. Accordingly, this factor also weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. at 642 (citing Yourish, 191 F.3d at 991). However,

"delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and, as described above, it is Plaintiff's failure to comply with court orders and to prosecute this case that has caused delays, and will continue to cause delays. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's incarceration and *in forma pauperis* status, and given the stage of these proceedings, the preclusion of evidence or witnesses is not available.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. Id.

After weighing the factors, the Court finds that dismissal is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1. This action be dismissed because of Plaintiff's failure to prosecute this case and failure to comply with court orders; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections.

\\\
\\\
\\\
\\\

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 27, 2018**

/s/ *Elvin P. Grosjean*
UNITED STATES MAGISTRATE JUDGE